**Fred W. FERNOW, Jr., Plaintiff,**

v.

**The BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, Defendant.**

**No. CIV.A. G–99–398.**

United States District Court,
S.D. Texas,
Galveston Division.

Aug. 16, 2000.

Arthur Sadin, Youngdahl and Sadin, Richard Lee Melancon, Melancon and Hogue, Friendswood, TX, for Fred W. Fernow, plaintiffs.

Douglas W. Poole, McLeod Alexander et al., Galveston, TX, for Burlington Northern Santa Fe Railway Company, defendants.

### ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

KENT, District Judge.

In this action, Plaintiff Fred Fernow, Jr. asserts claims against his former employer under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq* (1994). Now before the Court is Defendant's Motion for Partial Summary Judgment, filed July 18, 2000. For the reasons set forth below, the Motion is **DENIED.**

### I. FACTUAL SUMMARY

Plaintiff alleges he was injured on or about May 1, 1997 as a result of Defendant's negligence in failing to provide a safe working environment when a poorly

maintained walkway, located away from the railroad track and embankment, caused Plaintiff to fall and injure himself. In presenting claims under FELA, Plaintiff argues that Defendant failed to comply with Arizona Administrative Code § R14–5–110, because Defendant did not provide Plaintiff with a reasonably safe walkway. According to Plaintiff, the Arizona administrative regulation is deemed statutory authority under 45 U.S.C. § 54a, which, in turn precludes any diminution of damages for contributory negligence, pursuant to 45 U.S.C. § 53.

## II. ANALYSIS

### A. *Standard of Review*

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *See* FED. R. CIV. P. 56. Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth set forth specific facts showing that there is a genuine issue for trial. *Id.; see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *See Anderson,* 477 U.S. at 247–48, 106 S.Ct. at 2510. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### B. *Did Plaintiff Fall on a "Walkway" Subject to Regulation by the Arizona Corporate Commission Under the Arizona Administrative Code?*

Defendant first argues that Arizona Administrative Code § R14–5–110, which requires railroads to construct and maintain walkways adjacent to railroad trackage in accordance with certain specifications, does not apply because Plaintiff fell on a "trail"—not a walkway—leading down an embankment away from the railroad tracks. The Court rejects Defendant's narrow interpretation of the statute. The Court initially notes that the parties vehemently disagree as to the status of the area where Plaintiff fell. *Compare* Mejia Aff. ¶¶ 4–8 (concluding that Plaintiff did not fall on walkway) *with* Gilliam Depo. pp. 34–35 *and* Mejia Depo. p. 55 *and* Thompson Depo. p. 30 (all indicating that the path may in fact be a walkway). Consequently, determining whether a "walkway" existed at the time of the accident is a fact issue to be determined at trial. Assuming, however, that the "trail" served as a walkway, the Court now turns to the heart of Defendant's argument regarding the applicability of the Arizona statute.

Defendant harps on the opening language of the regulation, which provides that "[w]alkways shall be provided adjacent to tracks in all areas where railroad or industrial employees are required to perform trackside duties." ARIZ. ADMIN. CODE § R14–5–110 (1999). Contrary to the position taken by Defendant, the guidelines do not foreclose regulation of walkways located in areas not adjacent to railroad tracks; instead, they require that *all* walkways (including those not adjacent to railroad trackage) be "[k]ept clean and free of weeds, debris and other materials or equipment that might tend to interfere with the footing of railroad or industrial employees performing trackside duties." *Id.* § R14–5–110(A)(2)(b).[1] The regulation

---

1. In fact, the statute contains a specific subsection detailing when the walkway standards do not apply. *See* ARIZONA ADMIN. CODE § R14–5–110(A)(6)(a) (listing "[t]racks in streets or tunnels, existing bridges, grade separation structures, railroad-highway crossings, existing trestles, cattle guards, and tracks adjacent to walks, abutments, plat-

necessarily includes the type of location at issue in this case. Accordingly, Defendant's Motion for Partial Summary Judgment on these grounds is **DENIED.**

C. *Does Federal Law Preempt the Arizona Administrative Standards Regulating Walkway Construction?*

Defendant next seeks to invalidate the walkway safety regulations described in Arizona Administrative Code § R14–5–110. Defendant cites *Missouri Pacific Railroad Co. v. Railroad Commission of Texas,* 948 F.2d 179, 181 (5th Cir.1991) ("*MoPac I*"), which held that a Texas regulation governing the construction of walkways "alongside railroad tracks" was preempted by FRSA, because the state law governing walkways would have required modifications to the track roadbed beyond federal requirements. *Id.* at 183 (noting that preemption was necessary for walkways form an integral part of railroad track support structures). *But see Southern Pac. Transp. Co. v. Public Utils. Comm'n,* 820 F.2d 1111, 1111 (9th Cir. 1987) (agreeing that California's railroad walkway regulations "have not been preempted by federal rule, regulation, order or standard covering the same subject matter as these state requirements"), *aff'g* 647 F.Supp. 1220 (N.D.Cal.1986); *Whitley v. Southern Pac. Transp. Co.,* 136 Or.App. 426, 902 P.2d 1196, 1203 (1995) (precluding the introduction of a contributory negligence defense because an Oregon statute regulating railroad walkways was found not to be preempted under federal law); *Rulemaking on Comm'ns Own Mot. to Provide for Mitigation of Local Rail Safety Hazards Within Cal.,* No. 97–09–045, R.93–10–002, at *57 n. 81 (Cal. Pub. Util. Comm'n Sept. 3, 1997) (recognizing that state walkway regulations are not preempted in the Ninth Circuit). Highlighting the similarities between the Texas and Arizona regulations, Defendant contends that *Missouri Pacific* controls, and

that Arizona Administrative Code § R14–5–110 is therefore preempted by federal law. Consequently, Defendant seeks to pursue a contributory negligence defense.

Unlike the factual scenario presented in *Missouri Pacific,* the walkway at issue in this case—as Defendant has acknowledged—is not positioned adjacent to any railroad tracks. Defendant has therefore failed to show that enforcing state-based regulations over the maintenance of this walkway (which to hammer home the point is located far away from the tracks) would require modifications to track roadbed. In fact, the Court fails to comprehend how a state requirement forcing railroad employers to keep debris off this particular walkway would interfere with federal requirements, especially when the Federal Railroad Administration ("FRA") of the Department of Transportation ("DOT") has approved Arizona's walkway safety regulations pursuant to a Federal Railroad Safety Program State Participation Agreement. *See Pl.'s Supplemental Resp. to Def.'s Mot. for Partial Summ. J. Ex. 1–2.*

The Court's predilection for applying the Arizona regulation to 45 U.S.C. § 53 notwithstanding, there is another reason to deny Defendant's Motion. The *Missouri Pacific* decision directs trial courts to avoid resolving this type of preemption issue on summary judgment. *See Missouri Pacific,* 948 F.2d at 181 (noting that in *Missouri Pac. R.R. v. Railroad Comm'n,* 833 F.2d 570 (5th Cir.1987) ("*MoPac I*") "[w]e held that summary judgment was inappropriate with regard to [the Texas regulation governing walkways] because their existed 'a material fact issue concerning the interrelationship between the state walkway requirement and federal track regulations.'" (*quoting MoPac I,* 833 F.2d at 575)). Because even Defendant recognizes the similarities between the Arizona and Texas walkway regulations,

forms, pillars, and structures where minimum widths are otherwise provided" as locations not covered by the regulation). The area at

issue in Plaintiff's suit is not covered under this subsection.

the Court concludes that this issue is not ripe for consideration at the summary judgment stage. Instead, the parties are directed to present documentary evidence at trial regarding whether Arizona Administrative Code § R14–5–110 is preempted by federal law.[2] Accordingly, Defendant's Motion for Partial Summary Judgment on the issue is **DENIED.**

### III. CONCLUSION

For the reasons stated above, Defendant's Motion for Partial Summary Judgment is **DENIED.** The parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date. The parties are also **ORDERED** to file nothing further regarding the arguments addressed by this Order, including motions to reconsider and the like, unless supported by compelling new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled from the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**

---

2. For instance, the Court remains uncertain whether Arizona's walkway specifications require the railroad to strengthen or enlarge the roadbed beyond federal requirements, or alternatively whether the regulations contravene federal law. *See MoPac II*, 948 F.2d 179, 183–84 (5th Cir.1991). To answer such questions, the parties will need to present testimony from railroad engineers, safety inspectors, and the like. *See, e.g., Whitley*, 902 P.2d at 1204 ("[A] determination of whether a particular state railroad safety regulation is preempted by [federal law] depends on the nature of the regulation at issue and the factual record concerning its necessity and effect."). The record needs to be developed further in this case.